UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Timothy E. Green, | ) | C/A No. 3:07-1570-JFA-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Report and Recommendation |
| | ) | |
| Sumter Court; | ) | |
| Housing Authority; | ) | |
| Freemdo Housing; ; | ) | |
| Tuomey Hopsital; | ) | |
| Health Care Department; | ) | |
| Water Department; | ) | |
| Vocational Rehabilitation; | ) | |
| Social Security; | ) | |
| Congress; and | ) | |
| Harry Lea Kirby, | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

This is a civil action filed *pro se*. Plaintiff is a resident of Sumter, South Carolina and has filed a Complaint (Entry 1) and a request to proceed in this case without prepayment of the filing fee, *i.e.*, *in forma pauperis*. (Entry 2).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint filed by Plaintiff in this case pursuant to 28 U.S.C. § 1915 (as amended), other provisions in the Prison Litigation Reform Act, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district



court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, _ U.S. _, _ S. Ct. _, _ L.Ed.2d _, 2007 WL 1582936 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

The allegations contained in the Complaint are presented in such a rambling, disjointed and confusing fashion as to make it impossible to determine who, exactly, Plaintiff is intending to sue and what, exactly, Plaintiff is intending to sue them for. The undersigned has made every possible effort to discern and list the names of the individuals and entities identified by Plaintiff as being Defendants in this case and those names are listed in the caption of this Report; however, given the incomprehensible nature of the allegations of the Complaint, it is doubtful whether this effort has been successful.

In an effort to liberally construe the Complaint, the undersigned has also spent considerable time trying to "read between the lines" of the allegations contained in the pleading, wherein it appears that Plaintiff is unsatisfied with the outcome of an automobile accident case that might have been tried in state court in Sumter County. However, other than a conclusory assertion that he feels "discrimination" as a result of a decision of the trial judge not to "review" some witness, Plaintiff does not state what problems he might have encountered in that case. There are also disjointed and confusing allegations about "TB Drug and Alcohl" [sic] and about a possible



disagreement with a "Social Security . . . judge Decision Fully Favorable Back pay overpayment . . ." and about a "water bill" that Plaintiff might object to. Complaint, at 4. In the "relief" section of his Complaint, Plaintiff states the following: "Enforcing Final Commission Order it is liable For a civil penalty of up to $ 11.000 For each violation. And $ 16 For each day of noncompliance. Federal district court to enforce the CiD in the event of noncompliance. CiD enforcement action in a subpoena enforcement case." *Id.* at 5. There is no explanation of what Plaintiff means by "CiD" nor is there any allegation clarifying what, if any, "Final Commission Order" Plaintiff wants to enforce or what "commission" such order, if any, came from. Further, although Plaintiff references a federal statute applicable to Federal Trade Commission actions for unfair competition, 15 U.S.C. § 45, in his answers to the Local Rule 26.01 Interrogatories (Entry 3), there are no allegations within the Complaint indicating that Plaintiff is or has been involved in litigation before the Federal Trade Commission, or how that might somehow provide this Court with jurisdiction over this case. In short, there are no sufficiently intelligible allegations of wrongdoing by or potential liability of any of the entities or persons listed as Defendants to permit this case to go forward.

The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), or construct a plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Furthermore, it is well-settled that federal courts are not required to be "mind readers" for *pro se* litigants. *See Id.* Additionally, if a complaint's lack of clarity makes it unintelligible, dismissal

3



under Fed.R.Civ.P. 8(a) is permitted. *See, e.g.*, *U. S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003); *Davis v. Ruby Foods, Inc.*, 269 F.3d 818 (7th Cir.2001); *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000); *In re Westinghouse Sec. Litigation*, 90 F.3d 696, 703 (3d Cir. 1996); *Kuehl v. FDIC*, 8 F.3d 905, 908 (1st Cir. 1993).

In this case, it is clear that this Court lacks jurisdiction over Plaintiff's allegations or attempted claims in the Complaint because they are wholly insubstantial, unintelligible, and frivolous. The allegations are so incomprehensible and filled with what could only be considered by a reasonable person as unconnected, conclusory, unsupported statements or "gibberish" that they do not state a cause of action. *See Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)(noting that federal courts lack power to entertain claims at are "so attenuated and unsubstantial as to be absolutely devoid of merit"). Despite serious attempts to construe Plaintiff's writing in the required liberal manner, it is clear that Plaintiff's Complaint is so incomprehensible that no reasonable person could distill an actionable claim from it. *See Livingston v. Adirondack Beverage Co.*,141 F.3d 434 (2d Cir. 1998); *see also Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994)(affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989)(same, where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion").

## **RECOMMENDATION**

Accordingly, it is recommended that the Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. at 324-25; *Haines v. Kerner*, 404 U.S. 519 (1972).

4



Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

Bristow Marchant
United States Magistrate Judge

June 11, 2007
Columbia, South Carolina

5



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

