IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Timothy E. Green, ) | C/A No.: 3:07-1570-JFA-BM |
| ) | |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| ) | |
| Sumter Court; Housing Authority; ) | |
| Freedom Housing; Tuomey Hospital; ) | |
| Health Care Dept.; Water Department; ) | |
| Vocational Rehabilitation; Social Security; ) | |
| Congress; and Harry Lea Kirby, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The *pro se* plaintiff, Timothy E. Green, is a resident of Sumter, South Carolina. The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that the complaint is subject to summary dismissal.

The Magistrate Judge opines that the allegations contained in the complaint are presented in a "rambling, disjointed, and confusing fashion, as to make it impossible to determine who exactly plaintiff is intending to sue and what, exactly, plaintiff is intending

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

them to sue for." The Magistrate notes that although he liberally construed the complaint, the plaintiff's claims are wholly insubstantial, unintelligible, and frivolous. He recommends that the case be dismissed without prejudice and without issuance and service of process.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on June 11, 2007. In a letter filed June 26, 2007, the plaintiff merely indicates that he does not have an address any more and again makes conclusory remarks about discrimination as he did in his complaint.[2]

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is dismissed without prejudice.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

July 9, 2007
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[2] Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).